OPINION
Defendant-appellant, Michael Barbato, appeals the May 25, 2000, Judgment Entry of the Stark County Court of Common Pleas which found him to be a sexual predator pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 22, 1992, the Stark County Grand Jury indicted defendant-appellant Michael Barbato [hereinafter appellant] on one count of rape, in violation of R.C. 2907.02 and four counts of gross sexual imposition, in violation of R.C. 2907.05. The Indictment, Bill of Particulars and Amended Bill of Particulars alleged that appellant engaged in sexual conduct with his young nieces from on or about May 12, 1979, to on or about April 5, 1992. The child victims were 13 years of age or less. Pursuant to a plea bargain, on September 15, 1992, appellant plead guilty to one count of rape and three counts of gross sexual imposition. The trial court sentenced appellant to a prison term of not less than 5 years nor more than 25 years on the count of rape and to a determinate term of 2 years on each count of the gross sexual imposition. The trial court ordered that the sentences be served consecutively. Pursuant to R.C. Chapter 2950, as amended by H.B. 180 [hereinafter H.B. 180], the Ohio Department of Rehabilitations and Corrections recommended that appellant be classified a sexual predator. On May 22, 2000, a classification hearing was held before the trial court. In a Journal Entry filed May 25, 2000, appellant was found to be a sexual predator. It is from the May 25, 2000, Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN OVERRULING APPELLANT;S [SIC] MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 ASSIGNMENT OF ERROR V THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II
In the first assignment of error, appellant contends that Ohio's sexual predator law permits ex post facto application of a punitive statute. In the second assignment of error, appellant argues that Ohio's sexual predator law violates Art. II, Section 28 of the Ohio Constitution's prohibition of retroactive laws. We disagree. Previously, the Ohio Supreme Court found that H.B. 180 does not violate the Ex Post Facto Clause or Section 28, Article II of the Ohio Constitution. State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570; Reaffirmed in, State v. Williams (2000), 88 Ohio St.3d 513, 516, 728 N.E.2d 342. However, appellant argues that Cook can be distinguished from the case sub judice in that the defendant in Cook was sentenced after H.B. 180 took effect and appellant, in this case, was sentenced in 1995, before the law took effect. We are unpersuaded. This court has previously determined that the reasoning in Cook is applicable in situations where the appellant was sentenced prior to the effective date of the law. State v. Everly (Dec. 20, 1999), Stark App. No. 1999CA00125, unreported, 2000 WL 1637; State v. Burns (Jul. 17, 2000), Stark App. No. 1999CA00375, unreported. H.B. 180, as applied to appellant, does not violate the Ex Post Facto Clause or Section 28, Article 11 of the Ohio Constitution. Appellant's first and second assignments of error are overruled.
 III
In the third assignment of error, appellant argues that H.B. 180 violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. This issue also has been decided by the Ohio Supreme Court. In State v. Williams (2000), 88 Ohio St.3d 513, 528, 728 N.E.2d 342, the Court found the following: The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v. United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351,361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494,139 L.Ed.2d 450, 460. This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment." Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook. Pursuant to State v. Williams, supra, and State v. Cook, 83 Ohio St.3d 404, appellant's second assignment of error is overruled.
 IV
In the fourth assignment of error, appellant argues that H.B. 180 is unconstitutionally vague. Appellant's assignment is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 528,728 N.E.2d 342. In Williams, the Ohio Supreme Court found that R. C. Chapter 2950 is not void for vagueness. The Court found that the statute sets forth "sufficient specific guidelines to prevent arbitrary and discriminatory enforcement" and "provides an adequate standard upon which to make a sexual predator determination". Id. at 532. Further, the Court noted that even if the terms of R.C. 2950.09 are worded broadly, a certain level of broadness in the language allows for individualized assessment rather than an across-the-board rule. Id. This allows for fact-specific determinations. Id. Based upon the authority of State v. Williams, supra, appellant's third assignment of error is overruled.
 V
In his fifth and final assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), was not supported by clear and convincing evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of one count of rape and three counts of gross sexual imposition. Rape and gross sexual imposition, violations of R.C. 2907.02 and R.C. 2907.05, are defined as sexually oriented offenses under R.C. 2950.01(D). In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(2) of R.C. 2950.09. See R.C.2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. See e.g. State V. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. At the hearing on March 29, 2000, the State presented the trial court with the Indictment, the Bill of Particulars, the Amended Bill of Particulars, appellant's change of plea, the Judgment Entry of Conviction and Sentence, and appellant's institutional summary report. The trial court, in finding by clear and convincing evidence that appellant was a sexual predator, specifically made the following findings on the record at the hearing: THE COURT: . . . The Court has considered . . . the factors set forth in Ohio Revised Code 2950.09, the first factor being that of the offender's age. The Court finds that the Defendant was between the ages of 20 and 28 when these acts occurred. With respect to the age of the victims, the Court notes first of all that there were three separate victims, that they were between the ages of 8 and 13 when these offenses occurred . . . and that therefore there was a disparity of ages between that of the Defendant and that of the victim, each victim. Court further finds that there was a special relationship in that the victims were members of the Defendant's family and in fact his niece, nieces, all three of them. The Court has noted the type of sexual conduct and the type of activities with which the Defendant has engaged and did engage with each of these nieces. The Court notes that there were multiple victims therefore and that there was fondling both over and under the clothing, digital penetration, and oral sex. The Court notes, however, that the Defendant has engaged in course work which basically is calculated to better himself; and the Court wishes to commend you, Mr. Barbato, at this time for all the course work which you have completed and/or [sic] about to complete. I note there are still some programs which you will be completing in the summer. You need to continue that work in the programs because even though you have made great progress, the Court finds that the report is still guarded with respect to future situations. The Court is going to adjudicate you to be a sexual predator on the basis of clear and convincing evidence, but I will tell you this. Right now you are in a controlled environment. Once you are released, sounds like you are doing very well and you are working toward a release date and the Parole Board will consider that matter, you need to continue to take advantage of the programs. See how you conduct yourself without all the controls of a prison environment. That does not preclude reconsideration of this classification in the future, but at this point in time there is not sufficient evidence which would make this Court comfortable; and I believe that the State has proven that at the current time by clear and convincing evidence that the predator classification is warranted. TR. 14-17.
Based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings that appellant was a sexual predator. The Indictment and Amended Bill of Particulars indicate that between 1979 and 1986, appellant sexually abused his nieces. At the time of the offenses, each victim was between the ages of eight and thirteen. The sexual conduct included fondling over their clothes, one act of digital penetration, and one act of oral sex. While appellant participated in counseling while incarcerated, the counseling report indicated that appellant's prognosis was guarded as to post-release behavior. Upon review of the record, we find that there was competent, credible evidence to support the trial court's finding that appellant is a sexual predator, as defined in R.C. 2950.01(E), by clear and convincing evidence and that such finding is not against the manifest weight of the evidence.
Appellant's fourth assignment of error is overruled.
The Judgment of the Court of Common Pleas of Stark County is affirmed.
Edwards, J. Hoffman, P.J. and Reader, V. J. concur